IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maan Yousef,<br><br>               Petitioner,<br><br>vs.<br><br>Conrad Graber,<br><br>               Respondent. | No. 11-548-TUC-RCC (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition), filed on August 31, 2011. (Doc. 1) Petitioner, claims that his Constitutional rights were violated when staff at the Federal Correctional Institution (FCI) -Manchester subjected him to discrimination as an Arab American and charged him with false disciplinary violations in retaliation for utilizing the Administrative Remedy Program to address his complaints. Yousef alleges that the false disciplinary convictions resulted in his transfer to a new facility and could affect his ability to seek early termination of supervised release. Petitioner seeks to have the disciplinary convictions expunged.

Before the Court is the Petition (doc. 1), Respondent's return with accompanying exhibits (doc. 13) (Answer), and Petitioner's reply (Reply) (doc. 14) with accompanying exhibits (doc. 15 -19). Additionally, Respondents have filed a request for this Court to take judicial notice of Petitioner's prior conviction for powder cocaine. (Doc. 20)

Pursuant to the Rules of Practice of this Court, this matter was referred to

Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 6)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

## I. PROCEDURAL BACKGROUND

At the time Yousef filed the present Petition he was an inmate at the Federal Correctional Institute, in Safford, Arizona (FCI Safford). (Petition, at 1) Yousef contends that he was denied due process of law and was retaliated against for utilizing the Administrative Remedy Program while incarcerated at the Satellite Prison Camp, FCI Manchester, Kentucky (SPC Manchester). (Id.) Yousef challenges three disciplinary violations which resulted in a loss of visitation and commissary privileges. (Id.) Yousef is currently incarcerated at the Satellite Prison Camp, Pollock, Louisiana (SPC Pollock), serving a 292-month sentence of incarceration for conspiracy to possess with intent to distribute cocaine, and is projected to complete this sentence on May 4, 2015, via Good Conduct Time Release. (Answer, Ex. 1, Attachment 1) Petitioner requests that his record and central file be purged of the disciplinary ruling, and that prison staff involved be reprimanded and sanctioned as mandated by the Employee Standard of Conduct. (Petition, at 13-14)

## II. DISCIPLINARY VIOLATIONS

Yousef was issued three separate incident reports (IRs) for violations while at FCI Manchester in 2009 and 2010. Petitioner was issued IR number 1845654 for violations of refusing an order in violation of Code 307, and insolence in violation of Code 312. These violations were handled before the Unit Disciplinary Committee (UDC). The UDC found Petitioner had committed the prohibited acts, and Yousef was sanctioned to 90 days loss of visiting privileges and 90 days loss of commissary privileges. (Answer, Ex. 1, ¶ 5; Ex. 1, Attachment 4, IR and UDC action # 1845654) Petitioner was next issued IR number 1980264 for insolence in violation of Code 321. This violation was also handled before

- 2 -

the UDC, resulting in a finding that Yousef committed the prohibited act; Yousef was sanctioned to 90 days loss of visiting privileges. (Answer, Ex. 1, ¶ 6; Ex. 1, Attachment 5, IR and UDC action # 1980264) Finally, Petitioner was issued IR number 1980580 for possession of anything not authorized by staff in violation of Code 305. This violation was also handled before the UDC, resulting in a finding that Yousef committed the prohibited act and a sanction of 90 days loss of commissary privileges. (Answer, Ex. 1, ¶ 7; Ex.1, Attachment 6, IR and UDC action # 1980580)

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The Government acknowledges that Yousef exhausted all of his administrative remedies as to each of these violations. (Answer, Ex. 1, ¶ 8)

### III.  DISCUSSION

#### A.  Jurisdiction

A federal court may not entertain an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Writ of habeas corpus relief extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A prisoner who wishes to challenge the manner, location, or conditions of a sentence's execution must bring a petition pursuant to § 2241 in the custodial court. *Hernandez,*, 204 F.3d at 864, and must file the petition in the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). This Court has territorial jurisdiction over the case in question since Petitioner was incarcerated at FCI Safford[1] when he filed his Petition, and named the

---

[1] FCI Safford is within the District of Arizona.

- 3 -

appropriate warden as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)(Whenever a §2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Petitioner's subsequent transfer to SPC Pollock does not change this analysis. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)("Jurisdiction attaches on the initial filing for habeas corpus relief and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.")(internal quotation marks and citations omitted); *accord Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005).

Yousef raises one ground for relief, a claim of a conspiracy to violate Petitioner's due process rights through retaliation for utilizing the administrative remedy process. (Doc. 1, at 4) Specifically, Yousef alleges he was retaliated against by Manchester Staff after filing Administrative Remedy complaints because he was subjected to racism and discrimination which resulted in Internal Affairs investigations against these same staff members. (*Id*) Yousef alleges the crux of the conspiracy was to facilitate a transfer of Petitioner so as not to have to answer his numerous filings. Ultimately, Petitioner asserts he was transferred to an institution "over 2000 miles away from his family, as a result of this conspiracy." (*Id*.) Yousef requests a hearing, discovery, that the incident reports be expunged, the circumstances surrounding the conspiracy be investigated, and that the Court take notice of his outstanding institutional record which would allow Petitioner to ask for early termination of his supervised release. (*Id*, at 13-14)

Yousef's conspiracy claims are not properly brought in a habeas corpus action. Habeas corpus is not available to challenge an inmate's conditions of confinement not resulting in any impact on the legality or duration of that confinement. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent and a [civil rights] action proper, where a successful challenge to a prison condition will not

- 4 -

necessarily shorten the prisoner's sentence"); *Crawford v. Bell*, 599 F.2d 890, 891–892 (9th Cir. 1979) (upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement); *Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001), *vacated on other grounds*, 268 F.3d 953 (10th Cir. 2001) ("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.*, conditions of confinement, must proceed under Section 1983 or *Bivens*."); *see also Greenhill v. Lappin*, 2010 WL 1539818, at *1 (9th Cir. 2010) (federal prisoner's claim that prison officials retaliated against him by mishandling his legal mail not cognizable in habeas corpus); *Blum v. Floyd*, 1997 WL 599370 at *1 (9th Cir. 1997) (petitioner's claim of retaliatory transfer by prison official is properly brought under *Bivens* rather than § 2241); *Valenteen v. Driver*, 2009 WL 304835 at *3(N.D.W.Va.2009); *but see Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus jurisdiction available for prisoner's claims that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law) (*citing McCollum v. Miller*, 695 F.2d 1044, 1046 (7th Cir. 1982)); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975). *Cardenas v. Adler*, 2010 WL 2180378 (E.D.Cal. 2010)(petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and contention that the disciplinary proceedings were the product of retaliation by prison staff cognizable in habeas).

The Magistrate Judge concludes Yousef is challenging the conditions of his confinement in Ground One. If Petitioner were successful in this claim, it would not result in any impact on the legality or duration of Petitioner's confinement. The

Constitution does not itself prohibit conspiracies, merely whatever denials of constitutional rights may underlay the conspiracy. In contrast, the Civil Rights laws do prohibit such conspiracies, but provide relief only through a civil rights action under 42 U.S.C. § 1983 for state officials, *see e.g. Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992), private parties, *see e.g. United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*en banc*), or federal officials, *see e.g. Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) or similar provisions related to federal officials. *See also* 42 U.S.C. § 1985(3) (conspiracy to deprive equal protection). There is no possibility that the Court could afford Petitioner any "sentence-shortening" relief, *i.e.*, relief that would affect the fact or duration of his incarceration. Where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. Accordingly, Petitioner is not entitled to habeas corpus relief on these claims under § 2241 and the Magistrate Judge recommends that the District Court either construe these claims as a *Bivens* civil rights action[2], *See Wilwording v. Swanson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974) (a pro se litigant whose habeas petition challenges conditions of confinement is "entitled to have his action treated as a claim for relief under the Civil Rights Act"); *see eg. Parker v. Adu-Tutu*, 2011 WL 11736 (D. Ariz. 2011), and dismiss the petition with leave to amend to allow Petitioner leave to file an amended complaint on the appropriate court-approved form, or dismiss these claims without prejudice to filing a *Bivens* civil rights action, directing the Clerk to send an appropriate form complaint to Petitioner.

---

[2] Noting, however, that jurisdiction is not necessarily proper in the District of Arizona.

- 6 -

Finally, as to Petitioner's challenge to the incident reports, the Constitution limits the jurisdiction of the federal courts to live cases and controversies, and as such, federal courts may not issue advisory opinions. U.S. Const., art. III; *Flast v. Cohen*, 392 U.S. 83, 96 (1968). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid,* 413 F.3d at 994 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A habeas petition challenging a prison disciplinary action no longer presents such a case or controversy, and therefore becomes moot, when the punishment for the action has been withdrawn or completed at the time of the petition. *See Wilson v. Terhune*, 319 F.3d 477, 479, 481-482 (9th Cir. 2003). When Yousef filed the Petition, the punishment about which he complained was completed and he was no longer at the facility about which he was complaining. Collateral consequences will not be presumed in the context of prison disciplinary proceedings. *Wilson*, 319 F.3d at 481.

Yousef urges this Court to find that these disciplinary actions "could result in Petitioner having to do up to four extra years of supervised release." (Petition, at 14) The Government does not contest Yousef's assertion that he had an "outstanding institutional record, which Petitioner maintained for over 15 years" (Petition, at 14; *see also* docs 15-19), but asserts that termination of supervised release is dependent on a defendant's performance while on supervised release for at least one year. While the Court disagrees with the Government's assertion, that termination of supervised release is strictly dependent on a defendant's performance during supervised release[3], nonetheless, this

---

[3] When a defendant petitions a district court for early termination of supervised release, 18 U.S.C. § 3583(e) commands the court to first consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." The statutory factors are: the nature and circumstances of the offense and the characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed educational or vocational training, medical care, or

"type of nonstatutory consequence dependent on discretionary decisions . . . is insufficient to apply the presumption of collateral consequences." *Wilson* 319 F.3d at 481. Here, it is merely conjecture on the part of the Petitioner that he may not be allowed early termination of supervised release because of these moderate infractions while incarcerated. This is insufficient to support a claim of collateral consequences. *See id*.; *Cf. Kele v. U.S Parole Com'n*, 119 F.3d 6 (9th Cir. 1997)(Holding, in an unpublished opinion, that Parole Commission properly relied on record of defendant's prison disciplinary infraction to continue defendant on parole); *United States v. Harris*, 689 F.Supp.2d 692, 694(S.D. N.Y 2010)(Considering defendant's post-conviction conduct, including his conduct as a "model prisoner" as one factor in making decision to terminate supervised release), *United States v. Spinelle*, 835 F.Supp. 987 (E.D. Mich 1993)(Completion of an "impressive" list of over two-hundred fifty hours of course-work to qualify as a licensed Chemical Dependency Therapist considered in early termination of supervised release).

Yousef also argues that he is currently attempting to obtain some relief from his sentencing court due to the old and new "Crack Amendments," and the incident reports will, "unquestionably be used against him if he is ever granted a hearing and/or resentencing." Furthermore, Yousef contends, there are currently numerous proposed bills in Congress which will hold one's institution conduct against him or in his favor when relief and or proposed good time is to be awarded. (Doc. 14, at 7)

other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims of the offense.

- 8 -

The Government has filed a request for this Court to take judicial notice of Petitioner's prior notice of conviction for powder cocaine. (Doc. 20) Though the Court will take judicial notice of the judgment, it is not evident from the judgment alone that Yousef's conviction was based on powder cocaine, not crack cocaine. Yousef's argument that the incident reports will be used against him if he is ever granted a hearing and/or resentencing under the Amendments to the Sentencing Guidelines which sought to alleviate the sentencing disparity in the treatment of every gram of crack cocaine as the equivalent of 100 grams of powder cocaine[4] carries no weight, however, because the Government has submitted a document, from the Northern District of Ohio, filed after Yousef's Petition was filed, denying Petitioner's motion under 18 U.S.C. § 3582(c)(2) because Petitioner's "sentence was based on powder cocaine, not crack cocaine."[5]

Accordingly, the Magistrate Judge finds that Yousef has failed to demonstrate collateral consequences sufficient to satisfy Article III's case-or-controversy requirement, and recommends that the District Court dismiss these claims as moot.

**RECOMMENDATION**

The Magistrate Judge RECOMMENDS that the District Court, after its independent review, enter an order DISMISSING the civil rights claims for lack of jurisdiction.

The Magistrate Judge FURTHER RECOMMENDS that the District Court, after its independent review, enter an order DISMISSING the claims challenging the disciplinary violations as MOOT.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

---

[4] S*ee Kimbrough v. United States*, 552 U.S. 85, 96 (2007).

[5] Though the spelling of Petitioner's name is inconsistent on the Petition, Judgment and finally, on the denial of the motion for sentence reduction, the Inmate Number and Case Number (1:94CR40-001) on these documents demonstrate that these are all documents pertaining to Petitioner's criminal file.

- 9 -

within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.

If objections are filed the parties should use the following case number: **No. CV-11-548-TUC-RCC.**

**Dated this 30th day of March, 2012.**

_____
Bernardo P. Velasco
United States Magistrate Judge

- 10 -