IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maan Yousef, <br><br> Plaintiff, <br><br>vs. <br><br>Conrad Graber, <br><br> Defendant. | No. 11-CV-548-TUC-RCC <br><br> **ORDER** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, filed on August 31, 2011 (Doc. 1).  Petitioner claims that his constitutional rights were violated when staff at the Federal Correctional Institution (FCI)-Manchester subjected him to discrimination as an Arab-American and charged him with false disciplinary violations in retaliation for utilizing the Administrative Remedy Program to address his complaints.  Petitioner alleges that the false disciplinary convictions resulted in his transfer to a new facility and could affect his ability to seek early termination of supervised release. Petitioner seeks to have the disciplinary convictions expunged. Magistrate Judge Velasco issued a Report and Recommendation (Doc. 21) on April 2, 2012, recommending that this Court dismiss Petitioner's claims for lack of jurisdiction.  Petitioner timely filed objections (Doc. 22) and Respondent did not file a response to the objections within the allotted time.

The duties of the district court in connection with a R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may

1  "accept, reject, or modify the recommended disposition; receive further evidence; or return
2  the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. §
3  636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings
4  are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A).
5  "[T]he magistrate judge's decision ... is entitled to great deference by the district court."
6  *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). Where the parties object
7  to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those
8  portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v.*
9  *Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not
10 review the R&R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005);
11 *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

12 In the Report and Recommendation (R&R) (Doc. 21), Magistrate Judge Velasco
13 found that the district court lacks jurisdiction to hear Petitioner's case because Petitioner's
14 conspiracy claims are improperly brought in a habeas action. The Magistrate Judge also
15 recommended that the district court dismiss Petitioner's challenges to the incident reports as
16 moot because the reports no longer represent live cases or controversies. Petitioner's
17 objection states that he never received certain documents filed by Respondent and that the
18 Magistrate Judge's determination was based on incomplete information. Specifically,
19 Petitioner alleges that the Magistrate Judge was unaware of Petitioner's pending motion for
20 relief under the "Crack Amendment" in the Northern District of Ohio.

21 Habeas corpus is not available to challenge an inmate's conditions of confinement
22 unless such conditions have an impact on the legality or duration of the confinement.
23 *Ramirez v. Gadaza*, 334 F.3d 850, 859 (9th Cir. 2003). Even if Petitioner's conspiracy claim
24 was successful, it would not result in any impact on the legality or duration of Petitioner's
25 confinement, and thus this Court lacks jurisdiction to hear the matter. Petitioner's claims are
26 more appropriately brought as a civil rights claim. Further, once a challenged punishment
27 is withdrawn or completed, the district court no longer has jurisdiction to rule on the issue.
28 *Wilson v. Terhune*, 319 F.3d 477, 479, 481-482 (9th Cir. 2003). When Petitioner filed his

1 petition, the disciplinary actions he was challenging had already been completed.

2 Moreover, the Court is not persuaded by Petitioner's argument that his motion for
3 relief under the "Crack Amendment" will establish collateral consequences that would entitle
4 him to relief. Petitioner alleges that he may be granted a hearing and/or resentencing in the
5 future based on his motion for relief under the "Crack Amendment" and that the three
6 incident reports in his file may affect his chances of getting his sentence reduced. He further
7 alleges that these reports may result in an additional four years of supervised released once
8 his sentence is completed. At this point, any impact that the challenged incident reports may
9 have on Petitioner's sentence or conditions of supervised release is too speculative for this
10 Court to find that Petitioner has demonstrated collateral consequences. *See id*. at 481.
11 Finally, the order submitted by Respondent indicates that Petitioner's sentence was based on
12 powder cocaine and not crack cocaine. Therefore, even if the Court expunged the
13 disciplinary violations, Petitioner is not entitled to relief under the "Crack Amendments."

14 Before Petitioner can appeal this Court's judgment, a certificate of appealability must
15 issue. *See* 28 U.S.C. § 2253(c); Fed.R.App. P. 22(b)(1). Federal Rule of Appellate
16 Procedure 22(b) requires the district court that rendered a judgment denying a petition made
17 pursuant to 28 U.S.C. § 2254 to "either issue a certificate of appealability or state why a
18 certificate should not issue." Additionally, 28 U.S.C. § 2253(c)(2) provides that a certificate
19 may issue "only if the applicant has made a substantial showing of the denial of a
20 constitutional right." In the certificate, the court must indicate which specific issues satisfy
21 this showing. *See* 28 U.S.C. § 2253(c)(3). A substantial showing is made when the
22 resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve
23 the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*,
24 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Upon review of the record,
25 and in light of the standards for granting a certificate of appealability, the Court concludes
26 that a certificate shall not issue as the resolution of the petition is not debatable among
27 reasonable jurists and does not deserve further proceedings. Accordingly,

28 **IT IS ORDERED** Magistrate Judge Velasco's Report and Recommendation (Doc.

21) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED denying** Petitioner's Petitioner for Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED** Petitioner's conspiracy claims are **dismissed without prejudice** for lack of jurisdiction with leave to file under the appropriate civil rights laws. The Clerk of the Court shall send Petitioner an appropriate form for filing civil rights claims.

**IT IS FURTHER ORDERED** Petitioner's claims challenging the disciplinary violations are **dismissed as moot**.

**IT IS FURTHER ORDERED** the Clerk of the Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** the Court declines to issue a Certificate of Appealability.

DATED this 14th day of May, 2012.

Raner C. Collins
United States District Judge